UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HAEVEN A. D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-cv-00255-JPH-MJD |
| | ) |
| KILOLO KIJAKAZI Acting Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO CORRECT EAJA RULING**

After an agreed remand to the Social Security Administration, dkt. 14; dkt. 15, the Court granted the parties' joint motion for attorney fees under the Equal Access to Justice Act ("EAJA"), dkt. 18.  That order recognized that "[a]ny fees paid belong to Plaintiff and not her attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States." *Id.* (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)).  Defendant has filed a motion to correct because it reads the fee award as "providing that payment should issue in the name of Plaintiff, *not* counsel." Dkt. 19 at 2.  The motion to correct asks that the order be modified to add that "[i]f defendant can verify that plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to plaintiff's attorney pursuant to the EAJA assignment duly signed by plaintiff and counsel." *Id.* at 1.

However, the Acting Commissioner has not filed the fee assignment, has not analyzed why it is valid *see, e.g.*, 31 U.S.C. § 3727 (Anti-Assignment Act),

1

and has not explained under what authority the Court should designate a required recipient of the payment. Dkt. 19; *see* dkt. 17. The Court therefore did not and does not order that the payment may only be made directly to Plaintiff herself. *See Mathews–Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011) (overruled on other grounds by *Sprinkle v. Colvin*, 777 F.3d 421, 427 (7th Cir. 2015)).

For these reasons, the Court **GRANTS** Defendant's motion to correct, dkt. [19], to the extent that the Court's previous order on attorney fees is **VACATED**, dkt. [18].

The Court now **ORDERS** as follows:

The Parties have filed a joint motion to award $1,403.28 in attorney's fees and expenses to Plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Dkt. [17]. For the reasons in the motion, that motion is **GRANTED**. Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). Nothing in this order prevents Defendant from directing that the award be made payable to Plaintiff's attorney under an EAJA assignment if Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset.

**SO ORDERED.**

Date: 1/20/2022

                                                James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Andrew Irvin Neltner
SOCIAL SECURITY ADMINISTRATION
andrew.neltner@ssa.gov

Eric Harris Schepard
Office of the Regional Chief Counsel Region V
eric.schepard@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@dltlawoffice.com